IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00241-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOAL WILLIAM GOODWIN,

    Defendant.

_____

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**
_____

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion for appointment of counsel, transfer back to sentencing District or release from supervised reliese [sic]," Dkt. 3, construed by the Court as a motion for early termination of supervised release, Dkt. 5. Independent of any position the United States Probation Office ("Probation") may ultimately take in its response, the Government objects to early termination of supervised release under 18 U.S.C. §§ 3583(e)(1) and 3553(a).[1]

---

[1] The Government has conferred with United States Probation Officer Lynn Matsei, who will no doubt provide important additional insight into Defendant's supervision progress for the Court's consideration.
    The Government does not address appointment of counsel or transfer to the District of Kansas, as Defendant does not articulate either request beyond placing them in his caption. See Dkt. 3; Fed. R. Crim. P. 32.1(c) (hearing and counsel not required because relief sought is favorable to Defendant). Nor has he initiated procedures for accomplishing transfer.

1

## **RELEVANT PROCEDURAL HISTORY**

Defendant's present supervised release was transferred to the District of Colorado from the District of Kansas on July 22, 2021. Dkt. 1. In his underlying case prior to transfer, Defendant was sentenced to 151 months imprisonment and three years of supervised release on February 11, 2011, for one count of bank robbery. District of Kansas Case. No. 10-cr-10083-EFM at Dkt. 24. His term of imprisonment was reduced to time-served on May 27, 2021, *id.* at Dkt. 100, and he commenced his three-year supervised release term on June 2, 2021. Dkt. 2.

## **ARGUMENT**

Defendant grounds his request for termination on two arguments: (1) he is not receiving needed mental health and other support, (2) he was erroneously designated a career offender. *See* Dkt. 3. The Government responds to both arguments in turn.

### A. *Defendant is succeeding despite what he sees as failures in supervision.*

Defendant's primary argument is that termination is justified because of (what he perceives to be) Probation's failure to provide for his mental health needs and his living situation. *See* Dkt. 3. However, Defendant also acknowledges that "He has been complete succes [sic] considering circumstances." *Id.* In consultation with Probation, the Government understands that Defendant has been compliant to date on supervised release, including mental health treatment. Corroborating that point, Defendant even admits that he is completing UAs, remains sober, has incurred no new law violations, and is engaging in group sessions. *See id.*

This compliance can be characterized as success in supervision, even if rocky or imperfect, which leads the Government to be skeptical of Defendant's assertions that he is not receiving needed support. It follows that terminating supervised release would run contrary to 18 U.S.C. § 3553(a)(2)(D) because Defendant would no longer receive any care as part of his sentence. Rather, supervised release should continue to promote Defendant's positive progress, give more time for Probation to fine-tune supervision to meet his dynamic living circumstances, and most of all marshal future resources that may aid Defendant in the inevitable future difficulties of life. By the same token, terminating supervision would leave nothing in place to deter Defendant from or protect the public from future criminal conduct, fears that are made more likely if Defendant's mental health needs are not monitored. 18 U.S.C. § 3553(a)(2)(B) and (C).

Defendant is currently not eligible for termination until June 2, 2022, pursuant to 18 U.S.C. § 3583(e)(1), but he will be eligible soon. Nevertheless, the Government is concerned that Defendant has served not more than one-third of his three-year term. Terminating so shortly into a significant supervised release term fails to reflect the serious nature of the underlying offense and Defendant's criminal history under 18 U.S.C. § 3553(a)(1). It also negates the trust the District Court in Kansas placed in Defendant by in placing him on supervised release to confront his mental health needs. *See* District of Kansas Case. No. 10-cr-10083-EFM at Dkt. 100; 18 U.S.C. 3553(a)(5); USSG § 7, pt. A, introductory cmt., A(3)(b) (discussing trust).

B.   ***Defendant's designation does not impact supervised release.***

Defendant also loosely argues that an erroneous designation as a career offender

3

justifies termination. *See* Dkt. 3. Importantly, he does not articulate how this designation impacted the imposition or length of supervised release when he was originally sentenced to the three-year term on February 11, 2011. Dkt. 24. Nor does he articulate how the designation justifies termination under 18 U.S.C. § 3583(e)(1). While the Court surely has a duty to liberally construe Defendant's *pro se* pleading here, it cannot serve impermissibly as an advocate by supplying absent arguments justifying Defendant's claim. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

The Government notes that Defendant's designation was heavily litigated in the underlying case. *See* District of Kansas Case. No. 10-cr-10083-EFM at Dkt. 60 (providing overview of 28 U.S.C. § 2255 litigation in the case). The Government further notes that it appears that Defendant only raised the imposition of prison, not the imposition or length of supervised release, in his successive Section 2255 petitions. *See id.* at Dkt. 26, 41, 76. Without more, it is only speculative how Defendant's designation as a career offender, whether erroneous or not, impacted supervised release and how it further justifies termination now. *See United States v. Zamora*, 791 F.3d. Appx. 693, 696-699 (10th Cir. 2019) (discussing the speculative perils of a supervised release challenge under Section 2255 that was not raised previously).

Furthermore, supervised release is appropriate to address Defendant's mental health needs per 18 U.S.C. § 3553(a) and independent of any prison term imposed or actually served under a career offender designation. Supporting that point, the District Court in Kansas considered the career-offender sentencing scheme, as Defendant seemingly suggests the Court do here, in its order modifying Defendant's prison sentence

4

but not modifying his Defendant's supervised release term. *Id.* at Dkt. 100. To the extent that Defendant is raising a new claim under 28 U.S.C. § 2255 in either of his pleadings, Dkt. 3 and 4, he is no longer eligible because he is not in custody and beyond limitations periods per the statute. Accordingly, overall, Defendant's career offender status, whether correct or not, should not impact the Court's consideration of termination under 18 U.S.C. § 3583(e)(1).

## **CONCLUSION**

The Government requests the Court deny Defendant's Motion.

DATED this 4th day of May, 2022.

COLE FINEGAN
United States Attorney

s/ Albert Buchman
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                                             s/ *Albert Buchman*
                                                             ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov